Steven J. Luckner, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
*Attorneys for Defendant Sodexo Operations, LLC improperly named as Sodexo, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------

| | |
|---|---|
| KENIA DELGADO, | : Hon. _____ |
| | : Civ. Action No.: _____ |
| Plaintiff, | : |
| | : |
| v. | : |
| | : **NOTICE OF REMOVAL & LOCAL** |
| SODEXO, INC., and FELICIA ENUHA, | : **CIVIL RULE 11.2 CERTIFICATION** |
| | : |
| Defendants. | : |

-----------------------------------------------------  :

**TO:    CHIEF JUDGE AND JUDGES OF**
**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**
    Evan Silagi, Esq.
    Berkowitz, Lichtstein, Kuritsky,
    Giasullo & Gross, LLC
    75 Livingston Avenue
    Roseland, New Jersey 07068
    *Attorneys for Plaintiff*

    Michelle M. Smith, Esq., Clerk
    The Superior Court of New Jersey
    Richard Hughes Justice Complex
    6th Floor North Wing
    Trenton, New Jersey 08625

    Clerk, Superior Court of New Jersey
    Law Division – Essex County
    Historic Courthouse
    470 Dr. Martin Luther King Jr. Boulevard
    Newark, New Jersey 07102

**HONORABLE JUDGES:**

Defendant Sodexo Operations, LLC, improperly named as Sodexo, Inc. ("Sodexo"), by and through its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby notices the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, to the United States District Court for the District of New Jersey, and as grounds therefore show as follows:

## I.   TIMELINESS OF REMOVAL

1.      On or about June 27, 2023, Plaintiff Kenia Delgado ("Plaintiff") commenced a civil action against Defendants in the Superior Court of New Jersey, Essex County, entitled *Kenia Delgado v. Sodexo, Inc. and Felicia Enuha*, Docket No.: ESX-L-4108-23.

2.      Plaintiff effected service of the Complaint on Sodexo on July 14, 2023, by service upon its registered agent.  A copy of the Summons, Complaint and Civil Case Information Statement are attached hereto as Exhibit A.

3.      This is the only proper process, pleading, or order known by Defendant to have been served in this action.

4.      It appears Plaintiff attempted service on the individual defendant, Felicia Enuha, by serving a purported "designated agent" of Ms. Enuha at Sodexo's registered corporate agent in Chevy Chase, MD. See Affidavit of Service attached hereto as Exhibit B.

5.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been **properly joined and served** must join in or consent to the removal of the action." (Emphasis added).

6.      The Complaint does not allege a place of residence of Ms. Enuha. *See,* Complaint, ¶ 3.

7.      Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days after the receipt by defendant, through service or otherwise, of the Complaint.

8.      Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after receipt by any defendant, through service or otherwise, of the Complaint.

## II.     VENUE

9.      The New Jersey Superior Court, Essex County, is located within the District of New Jersey.  28 U.S.C. § 110.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.    BASIS FOR REMOVAL – DIVERSITY JURISDICTION

10.     This action is properly removable under 28 U.S.C. § 1332(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides that "The district courts shall have original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states…."  Here, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  This was true at the time of filing of the Complaint and remains true at the time of the filing of this Notice of Removal.

### A.     AMOUNT IN CONTROVERSY

11.     This is an action to recover damages for alleged violations of the New Jersey Law Against Discrimination ("NJLAD") and the New Jersey Equal Pay Act.  According to the Complaint, Plaintiff seeks an award of compensatory damages, including back pay and front pay;

lost benefits; emotional distress; punitive damages; costs of suit; and attorneys' fees. *See* Complaint, Wherefore Clauses.   Based on the allegations in the Complaint, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See Raspa v. Home Depot,* 533 F. Supp. 2d 514, 522 (D.N.J. 2007); *Uddin v. Sears, Roebuck & Co.*, 2014 WL 316988, *5 (D.N.J. Jan. 27, 2014).

### B.    DIVERSITY OF CITIZENSHIP

12.    A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

13.    Upon information and belief, Plaintiff is a citizen of the State of New Jersey.

14.    Sodexo Operations, LLC is a limited liability company organized under the laws of the State of Delaware and having its principal place of business in the State of Maryland.  The sole member of Sodexo Operations, LLC is Sodexo, Inc., a corporation organized under the laws of the State of Delaware and having its principal place of business in the State of Maryland.  *See,* Paragraph 2 of Complaint. Sodexo is therefore a citizen of Delaware and Maryland within the meaning of 28 U.S.C. § 1332.

15.    Sodexo is unaware of Ms. Enuha being properly served by Plaintiff, but upon information and belief, Ms. Enuha is a resides and works in the State of Texas and is a citizen of the State of Texas.

16.     Pursuant to *N.J. Court Rule* 4:4-3, "if personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to address only, to defendant's place of business or employment.

17.     The Affidavit of Service does not allege that service was attempted upon Ms. Enuha at her usual place of abode in the State of Texas.

18.     Accordingly, even upon completion of service upon all defendants, complete diversity of citizenship exists.

## C.     <u>CONCLUSION</u>

19.     Sodexo has not previously sought similar relief.

20.     To date, no defendant has filed a responsive pleading in Plaintiff's State court action, and no other proceedings have transpired in that action.

21.     Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served by overnight mail upon Plaintiff's counsel, and upon the Clerk of the Superior Court of New Jersey, and the Clerk of the Superior Court in Essex County, New Jersey.

22.     By removing this matter, Sodexo does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Sodexo respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, County of Essex, to the United States District Court for the District of New Jersey.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendant Sodexo*


By:    *s/ Steven J. Luckner*
           Steven J. Luckner, Esq.
           10 Madison Avenue, Suite 400
           Morristown, New Jersey 07960
           steven.luckner@ogletreedeakins.com

Dated: August 2, 2023

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Steven J. Luckner, Esq., counsel for Defendants, certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendant Sodexo*

By:     *s/ Steven J. Luckner*
Steven J. Luckner, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
steven.luckner@ogletreedeakins.com

Dated: August 2, 2023

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action.  On this date, I served a true copy of

the attached:

### NOTICE OF REMOVAL & LOCAL CIVIL RULE 11.2 CERTIFICATION

on the Plaintiff Kenia Delgado, via overnight mail, sent to her attorney of record at the last known

address as follows:

> Evan Silagi, Esq.
> Berkowitz, Lichtstein, Kuritsky,
> Giasullo & Gross, LLC
> 75 Livingston Avenue
> Roseland, New Jersey 07068
> *Attorneys for Plaintiff*

and, via overnight mail, upon

> Michelle M. Smith, Esq., Clerk
> The Superior Court of New Jersey
> Richard Hughes Justice Complex
> 6th Floor North Wing
> Trenton, New Jersey 08625

> Clerk, Superior Court of New Jersey
> Law Division – Essex County
> Historic Courthouse
> 470 Dr. Martin Luther King Jr. Boulevard
> Newark, New Jersey 07102

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 2, 2023

*s/Steven J. Luckner*
_____

Steven J. Luckner, Esq.

57392803.v1-OGLETREE

# EXHIBIT A

**BERKOWITZ, LICHTSTEIN, KURITSKY,**
**GIASULLO & GROSS, LLC**
Evan Silagi, Esq. ID: 037712011
75 Livingston Avenue
Roseland, New Jersey 07068
P: 973-325-7800 | F: 973-325-7930
Attorneys for Plaintiff

| | |
|---|---|
| KENIA DELGADO, <br><br> Plaintiff, <br><br> v. <br><br> SODEXO, INC., and FELICIA ENUHA, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION – ESSEX COUNTY <br> DOCKET NO.: ESX-L-4108-23 <br><br> *Civil Action* <br><br> **SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense. If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:  June 29, 2023                                         Michelle Smith
                                                                          Clerk of the Superior Court

NAME OF DEFENDANT TO BE SERVED:   Felicia Enuha c/o Sodexo, Inc.
ADDRESS OF DEFENDANT TO BE SERVED:   c/o Corporate Creations Network, Inc., 2 Wisconsin
                                                                      Circle, Suite 700, Chevy Chase, MD 20815

                                                                      process for
                                                                      Sodexo

{00181897}

**BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC**
Evan Silagi, Esq. ID: 037712011
75 Livingston Avenue
Roseland, New Jersey 07068
P: 973-325-7800 | F: 973-325-7930
Attorneys for Plaintiff

| | |
|---|---|
| KENIA DELGADO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SODEXO, INC., and FELICIA ENUHA,<br><br>　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – ESSEX COUNTY<br>DOCKET NO.:<br><br>*Civil Action*<br><br>　　COMPLAINT |

By way of Complaint, plaintiff Kenia Delgado by and through her attorneys, Berkowitz Lichtstein Kuritsky Giasullo & Gross, LLC, says:

## PARTIES

1. Plaintiff Kenia Delgado ("Delgado" or "Plaintiff") is a New Jersey resident, residing in the municipality of Bloomfield, New Jersey, within the County of Essex.

2. Defendant Sodexo, Inc. ("Sodexo" or "Defendant") is a food services and facilities management company with corporate headquarters located at 9801 Washingtonian Boulevard, Gaithersburg, Maryland.

3. Defendant Felicia Enuha ("Enuha," and together with Sodexo, "Defendants") is an employee of Sodexo, Inc. and was plaintiff's direct supervisor.

## JURISDICTION

4. Jurisdiction over Defendants is vested in this Court by virtue of their business activities and domiciles within the State of New Jersey.

{00175381}

## VENUE

5.      Venue of the within action is properly laid pursuant to New Jersey Rule of Court 4:3-2(a), by virtue of Essex County being the county where plaintiff resides.

## FACTUAL ALLEGATIONS

6.      Ms. Delgado was employed by Sodexo for over ten (10) years, most recently holding the position of Director of Marketing, Corporate Services.

7.      Ms. Delgado is a Hispanic female.

8.      Prior to the events discussed below, Ms. Delgado received only excellent evaluations and was universally recognized as a top performer.

9.      At all times relevant, Ms. Delgado was performing her job in a manner which met and exceeded the reasonable expectations of Sodexo, as confirmed by her periodic evaluations.

### A. Ms. Enuha Creates a Racially Hostile Work Environment.

10.      In 2020, Ms. Delgado was assigned a new supervisor, Felicia Enuha.

11.      Ms. Enuha is an African American woman.

12.      Immediately after taking over management, Ms. Enuha created a racialized workplace focused on the advancement of Black women, which excluded Ms. Delgado and created a hostile environment.

13.      As a manager, Ms. Enuha routinely discussed race/gender as a primary factor for advancement and evaluation at Sodexo. Although Ms. Delgado is Hispanic, she had never before perceived her race as a primary factor affecting her career at Sodexo.

14.      Ms. Enuha consistently told Ms. Delgado that her race/gender was her defining characteristic at Sodexo.

15.      Ms. Enuha repeatedly told Ms. Delgado, "you are a minority."

{00175381}

16.     Ms. Enuha told Ms. Delgado that because she is a minority, she would be expected to work harder than any of her colleagues and would have fewer advancement opportunities.

17.     Ms. Enuha regularly discussed race/gender as an employment factor.

18.     For instance, on October 6, 2021, Ms. Enuha told Ms. Delgado that "this is the year for the black community at work."

19.     Ms. Enuha also told Ms. Delgado that "it is harder for women of color to get promoted," than it is for white employees.

20.     By way of further example, Ms. Enuha mocked Ms. Delgado by adopting a "white girl" voice to repeat statements that Ms. Delgado made during meetings.

21.     For instance, during a meeting Ms. Delgado would say "ok" to agree with a point being made, and Ms. Enuha would reply "ok, ok, ok" in a "valley girl" type of voice.

22.     The implication of Ms. Enuha's mockery was that Ms. Delgado presented as too "white" given her status (in Ms. Enuha's eyes) as a minority woman.

23.     By way of further example, in December 2021, Ms. Enuha gifted Ms. Delgado a book called "The Memo" which discusses issues of race and gender in the workplace, communicating that Ms. Delgado should be more cognizant of her status as a minority female employee of Sodexo.

24.     Further, Ms. Enuha repeatedly explained her understanding that she and another female African American manager had been hired by Sodexo primarily due to their African American race and gender, indicating that promotional decisions at Sodexo were based upon race/gender rather than merit.

25.     In addition to working for Sodexo, Ms. Enuha is also the Executive Producer and Host of a podcast, "Keeping it Trill," which is focused on career issues facing Black women.

{00175381}

26.    Ms. Enuha characterizes her show as "the go to podcast for African American Millennials."

27.    On her podcast, Ms. Enuha has advocated for "radical change" in the workplace and stated that "white people need to go."

28.    On her podcast, Ms. Enuha also spoke in a derogatory way about her management responsibilities towards Ms. Delgado and about her employment by Sodexo generally.

29.    For instance, Ms. Enuha stated, "Let's be very clear. I have no loyalty to [Sodexo]," implying that she perceives herself to be in conflict with Sodexo due to her status as African American.

30.    Ms. Enuha also spoke negatively of her responsibilities to evaluate Ms. Delgado on her podcast.

**B.  Ms. Delgado Makes Protected Reports of a Hostile Work Environment Through the Appropriate Channels.**

31.    Ms. Enuha's constant managerial focus on her own race and gender, Ms. Delgado's race and gender, and the purported racial motivations of Sodexo's management was extremely distressing to Ms. Delgado.

32.    Ms. Enuha's philosophy of racial adversity is not consistent with Ms. Delgado's professional philosophy.

33.    Ms. Delgado simply desired to perform her job functions well as she had done for years prior.

34.    Ms. Delgado perceived that Ms. Enuha's conduct was in violation of Sodexo's EEO, Harassment, Discrimination, and Diversity and Inclusion policies.

35.    Additionally, Ms. Enuha was an erratic and aggressive manager, who was prone to bullying tactics and intimidation, including cursing, yelling, insulting, and condescending.

{00175381}

36.    In fact, Ms. Enuha admitted to Ms. Delgado that she manages by "fear" as an intentional tactic, which – when coupled with Ms. Enuha's focus upon racial/gender issues – made Ms. Delgado fearful for her career advancement opportunities and continued employment under Ms. Enuha's management.

37.    On October 25, 2021, Ms. Delgado made a formal complaint to Sodexo of race-based harassment and hostile work environment by Ms. Enuha.

38.    Ms. Delgado complained that she was not compensated equally to others performing substantially similar work, which was found to be substantiated following a lengthy investigation process.

39.    Initially, Sodexo informed Ms. Delgado that her complaints against Ms. Enuha were confidential, but Sodexo later disclosed Ms. Delgado's identity to Ms. Enuha.

40.    Further, Ms. Delgado is Ms. Enuha's only direct report, so there is no doubt that Ms. Enuha knew that she was the complainant.

41.    In August 2022, Ms. Enuha told Ms. Delgado to "tread lightly" which was a reference to her protected complaints to Human Resources and a threat.

42.    In her written communications with Human Resources, Ms. Delgado repeatedly expressed fears of retaliation for her protected complaints.

43.    Thus, Sodexo was clearly on notice to monitor for retaliatory conduct by Ms. Enuha.

C.    **Ms. Delgado's Complaints are Found to be Meritorious, but She Obtained No Redress.**

44.    Over the next four months, Sodexo conducted an investigation into Ms. Delgado's complaints of a hostile work environment and unequal pay, involving members of Sodexo's Human Resources and Legal Department.

{00175381}

ESX-L-004108-23   06/27/2023 12:38:36 PM   Pg 6 of 15   Trans ID: LCV20231906353

45.    During the investigation, other employees were interviewed and corroborated Ms. Delgado's report.

46.    However, Ms. Enuha was not removed as Ms. Delgado's manager.

47.    Rather, Ms. Delgado was given three (ominous and entirely inappropriate) options by Sodexo's Vice President of human resources: (1) learn to work with Ms. Enuha; (2) find another position; or (3) the Company would decide for her.

48.    Attempting to comply with Sodexo's instructions, after October 2021 Ms. Delgado sought – but was denied – transfers to other positions outside of Ms. Enuha's management, including positions at a lower salary.

49.    Ms. Enuha provided untrue and derogatory feedback about Ms. Delgado to potential hiring managers within Sodexo with the purpose and effect of disqualifying Ms. Delgado for transfer.

50.    In one case, Ms. Delgado was a "final candidate" for an open position within Sodexo outside of Ms. Enuha's management, which was withdrawn due to the derogatory feedback Ms. Enuha provided.

51.    Accordingly, Ms. Delgado remained trapped under Ms. Enuha's abusive and hostile management.

D.    **Ms. Enuha Begins to Make Threats of Termination Against Ms. Delgado.**

52.    In August 2022, Ms. Delgado informed Sodexo that the "situation continues to be toxic, threatening and retaliation" and requested clarification on how to move forward.

53.    Ms. Enuha informed Ms. Delgado in August 2022, that she should "consider looking" for other jobs, constituting a direct threat of termination.

{00175381}

54.    By October 2022, Ms. Delgado was in a state of extreme emotional distress regarding Ms. Enuha's racist and retaliatory management and Sodexo's failure to meaningful respond to her complaints.

### E.  Ms. Enuha Evaluates Ms. Delgado Negatively Despite 100% Success at all Objective Measurable Goals.

55.    In October 2022, Ms. Enuha delivered to Ms. Delgado a negative and derogatory FY22 review.

56.    Ms. Enuha's evaluation was the first and only negative review Ms. Delgado had received in her career.

57.    The negative review is remarkable because Ms. Delgado had achieved 100% of her measurable objectives during the fiscal year. Yet, Ms. Enuha heavily criticized Ms. Delagdo for being "unhappy with her work with no solutions," "being disrespectful" and being "defensive."

58.    Those criticisms are in direct reference to Ms. Delgado's yearlong protected efforts to cure a hostile and intimidating work environment created by Ms. Enuha, which efforts Ms. Delgado pursued professionally and through all of the appropriate channels.

### F.  Ms. Delgado Develops an Anxiety Disorder and Requires Emergency Medical Treatment.

59.    The FY22 Evaluation was too much for Ms. Delgado to endure. Upon reading the feedback, she immediately suffered an anxiety attack.

60.    Ms. Delgado was rushed to the hospital emergency department due to her medical condition where she was (for the first time in her life) diagnosed with an Anxiety Disorder.

61.    At the advice of her doctors, Ms. Delgado took PTO from October 8 to 15 to recover from the incident.

62.     Ms. Delgado has received regular treatment since October 2022 and has been prescribed medication to address her newly developed psychiatric diagnosis.

63.     Ms. Delgado informed Sodexo's human resources department of all of the foregoing on October 9, 2022, but nothing was done.

**G.   Sodexo Pays Ms. Delgado Unequally in Violation of the NJ Equal Pay Act.**

64.     Throughout her employment, Ms. Delgado was paid significantly less than other employees performing substantially similar work.

65.     For most of her employment, Ms. Delgado held the title of "Sr. Marketing Manager" even though she performed the work of a Director.

66.     On or about August 31, 2019 Ms. Delgado was promised a raise and title change to "Director" to reflect her actual responsibilities, but the title change was not effectuated until May 18, 2021, and only because Ms. Delgado continued to advocate for the role change.

67.     Sodexo initially did not offer Ms. Delgado a pay increase when it changed her title to Director in May 2021, even though other Directors were paid substantially more.

68.     Only after Ms. Delgado formally complained to human resources was a pay increase effectuated on October 23, 2021.

69.     Even with that compensation increase, Ms. Delgado was compensated at a rate substantially below the median salary for her grade when compared to employees performing similar work.

70.     Sodexo has acknowledged that Ms. Delgado's compensation was well below the average pay received by others performing similar work.

**H.   Ms. Delgado is Terminated under a Pretextual Basis.**

71.     On December 6, 2022, Ms. Delgado was terminated.

{00175381}

ESX-L-004108-23   06/27/2023 12:38:36 PM   Pg 9 of 15   Trans ID: LCV20231906353

72.     The stated reason for the termination was a "layoff," however, Ms. Delgado's work (and similar work) continues to be necessary and performed at Sodexo.

73.     The real reason for Ms. Delgado's termination is her protected characteristics and protected complaints of harassment, discrimination and pay disparity.

74.     Ms. Delgado has been harmed economically, emotionally and physically by Defendants' conduct as aforesaid.

## COUNT ONE
### (NJLAD - Disparate Treatment)

75.     Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

76.     Plaintiff is a Hispanic female and is therefore a member of protected classes as defined under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD"), by virtue of her gender and race.

77.     Plaintiff claims that Defendant violated the NJLAD by treating her in a disparate and less favorable manner because she is a Hispanic female.

78.     Defendant subjected Plaintiff to less favorable treatment than non-Hispanic employees on the basis of her race and/or gender, including lesser pay, lesser advancement opportunities, negative reviews, harassment and ultimately termination.

79.     Plaintiff was terminated under circumstances that are suggestive of race and gender discrimination and/or was replaced by individuals outside of her protected classes.

80.     Defendants' stated reason for Plaintiff's termination is a mere pretext for prohibited discrimination.

{00175381}

81.    Defendants' actions involved members of its upper management and were motivated by actual malice or were the result of a willful and wanton disregard for the harm its actions were causing Plaintiff.

82.    Defendants caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE,** Plaintiff demands judgment against the Defendants and each of them jointly and severally and seeks damages for back pay, reinstatement or front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, statutory penalties, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys' fees, costs of suit, and such other relief that the Court may deem just and proper.

**COUNT TWO**
**(NJLAD - Retaliation)**

83.    Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

84.    Plaintiff engaged in protected activity under the NJLAD by reporting discrimination and harassment to Defendant.

85.    On multiple occasions, Plaintiff alerted management and other employees that she had been subject to discriminatory treatment, disparate pay and harassment on account of her race and/or gender.

86.    Defendants retaliated against Plaintiff for engaging in protected activity, by, providing her lesser advancement opportunities, negative reviews, harassment and ultimately termination.

{00175381}

ESX-L-004108-23   06/27/2023 12:38:36 PM   Pg 11 of 15   Trans ID: LCV20231906353

87.   Defendants' actions involved members of its upper management and were motivated by actual malice or were the result of a willful and wanton disregard for the harm its actions were causing Plaintiff.

88.   Defendants caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE,** Plaintiff demands judgment against the Defendants and each of them jointly and severally and seeks damages for back pay, reinstatement or front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, statutory penalties, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys' fees, costs of suit, and such other relief that the Court may deem just and proper.

**COUNT THREE**
**(NJLAD – Hostile Work Environment)**

89.   Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

90.   Plaintiff, as a Hispanic female, was subjected to a hostile work environment by Defendants on the basis of both gender and race in violation of NJLAD.

91.   Defendants' harassment of Plaintiff was severe and pervasive enough to make a reasonable Hispanic woman feel that the conditions of her employment were altered and that the working environment was intimidating, hostile and abusive on the basis of her race and gender.

92.   Defendant's actions were perpetrated by both Plaintiff's non-Hispanic counterparts as well as management.

93.   Defendants' actions involved members of its upper management and were motivated by actual malice or were the result of a willful and wanton disregard for the harm its actions were causing Plaintiff.

{00175381}

94.     Defendants caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE,** Plaintiff demands judgment against the Defendants and seeks damages for back pay, reinstatement or front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, statutory penalties, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys' fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT FOUR
### (NJ Equal Pay Act – Disparate Pay)

95.     Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

96.     The NJLAD makes it unlawful "For an employer to pay any of its employees who is a member of a protected class at a rate of compensation, including benefits, which is less than the rate paid by the employer to employees who are not members of the protected class for substantially similar work, when viewed as a composite of skill, effort and responsibility." N.J.S.A. 10:5-12(t) ("NJ Equal Pay Act").

97.     Plaintiff was paid substantially less than her colleagues who were performing substantially similar work.

98.     Upon information and belief, Plaintiff was paid less compensation than her similarly situated colleagues performing substantially similar work on the basis of her protected characteristics of gender and race.

99.     Defendants' actions involved members of its upper management and were motivated by actual malice or were the result of a willful and wanton disregard for the harm its actions were causing Plaintiff.

100.    Defendants caused Plaintiff to suffer economic, physical and emotional harm.

{00175381}

ESX-L-004108-23   06/27/2023 12:38.36 PM   Pg 13 of 15   Trans ID: LCV20231906353

**WHEREFORE,** Plaintiff demands judgment against the Defendants and each of them jointly and severally and seeks damages for back pay, reinstatement or front pay, lost benefits, other compensatory damages, treble and/or other statutory damages, emotional distress damages, punitive damages, statutory penalties, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys' fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT FIVE
### (NJ Equal Pay Act - Retaliation)

101.   Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

102.   Plaintiff engaged in protected activity under the Equal Pay Act by reporting her unequal pay when compared to other individuals performing substantially similar work to Defendant.

103.   Defendants retaliated against Plaintiff for engaging in protected activity, by, providing her lesser advancement opportunities, negative reviews, harassment and ultimately termination.

104.   Defendants' actions involved members of its upper management and were motivated by actual malice or were the result of a willful and wanton disregard for the harm its actions were causing Plaintiff.

105.   Defendants caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE,** Plaintiff demands judgment against the Defendants and each of them jointly and severally and seeks damages for back pay, reinstatement or front pay, lost benefits, other compensatory damages, emotional distress damages, punitive damages, statutory penalties,

{00175381}

interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys' fees, costs of suit, and such other relief that the Court may deem just and proper.

## COUNT SIX
### (NJLAD Aiding and Abetting Liability -- As to Defendant Enuha)

106. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

107. At all times relevant, defendant Enuha was Plaintiff's direct supervisor and made and/or provided significant input into all decisions relating to Plaintiff's employment and termination.

108. By virtue of her position and job responsibilities, defendant Enuha is a member of defendant Sodexo's upper management and second tier upper management.

109. Defendant Enuha aided and abetted Sodexo's disparate treatment, harassment and retaliation against Plaintiff in violation of the New Jersey Law Against Discrimination. N.J.S.A. 10:5-12(e)

110. Defendant Enuha's actions were motivated by actual malice or were the result of a willful and wanton disregard for the harm their actions were causing Plaintiff.

111. Defendants Sodexo is responsible for defendant Enuha's conduct by virtue of the doctrine of *respondeat superior.*

112. Defendant Enuha caused Plaintiff to suffer economic, physical and emotional harm.

**WHEREFORE,** Plaintiff demands judgment against Felicia Enuha individually, and the other defendants, and each of them, jointly and severally, and seeks damages for back pay, reinstatement or front pay, lost benefits, other compensatory damages, treble damages, emotional

{00175381}

distress damages, punitive damages, statutory penalties, interest, compensation for the negative tax consequences of receiving a damage award in the form of a one-time lump sum, attorneys' fees, costs of suit, and such other relief that the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff, Kenia Delgado, demands a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Evan Silagi, Esq., is hereby designated as trial counsel in this matter.

BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
Attorneys for Plaintiff

By: _____
EVAN SILAGI

Dated: 6/27/23

## CERTIFICATION PURSUANT TO R. 4:5-1

I HEREBY CERTIFY in accordance with New Jersey Civil Practice R. 4:5-1, that, to the best of my knowledge, information and belief, the instant matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. I am not presently aware of any other parties who should be joined in this action.

BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
Attorneys for Plaintiff

By: _____
EVAN SILAGI

Dated: 6/27/23

{00175381}

ESX-L-004108-23   06/27/2023 12:38:36 PM   Pg 1 of 1   Trans ID: LCV20231906353

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-004108-23

**Case Caption:** DELGADO KENIA  VS SODEXO, INC.

**Case Initiation Date:** 06/27/2023

**Attorney Name:** EVAN SILAGI

**Firm Name:** BERKOWITZ LICHTSTEIN KURITSKY GIASULLO & GROSS, LLC

**Address:** 75 LIVINGSTON AVE ROSELAND NJ 07068

**Phone:** 9733257800

**Name of Party:** PLAINTIFF : DELGADO, KENIA

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: KENIA DELGADO?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/27/2023
Dated

/s/ EVAN SILAGI
Signed

# EXHIBIT B

KENIA DELGADO        Plaintiff

     vs.

SODEXO, INC., ET AL       Defendant

**Person to be served** (Name & Address):
FELICIA ENUHA
C/O SODEXO, INC. C/O CORPORATE CREATIONS NETWORK, INC.
2 WISCONSIN CIRCLE, SUITE 700
CHEVY CHASE, MD 20815

**Attorney:**
Evan Silagi

Superior Court of New Jersey
Law Division
Essex County
Docket Number: ESX-L-004108-23

## AFFIDAVIT OF SERVICE

(For Use by Private Service)



STS2023028363

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Summons, Complaint, Demand For Trial By Jury, Certification Pursuant to Rule 4:5-1, CIS, Track Assignment Notice, Lawyers Referral List

**Service Data:**

Served Successfully __X__    Not Served_____    Date: 7/14/2023_____    Time: 9:16 am_____       Attempts:_____

_____    Delivered a copy to him / her personally

_____    Left a copy with a competent household member over 14 years of age residing therein

___X___    Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

ISOLA MARTA_____

AGENT/DESIGNATED AGENT_____

**Description of Person Accepting Service:**

Sex: F___    Age: 45___    Height: 5'3"___    Weight: 140___    Skin Color: HISPANIC/TAN___    Hair Color: BROWN_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
_July 20,_ 2023 by the affiant who is personally known to me.

MBernando_____
NOTARY PUBLIC

I, Mark Hagood, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____ 07/20/2023
Signature of Process Server      Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2023028363
Ref: NA

MONIQUE BERNARDO
NOTARY PUBLIC
REG. #7849726
MY COMMISSION
EXPIRES
11/30/2023
COMMONWEALTH OF VIRGINIA